IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| SHAWN M. CONNOLLY,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>NEW JERSEY DEPARTMENT<br>OF CORRECTIONS, *et al.*,<br><br>　　　　　Defendants | Civ. No. 21-19317 (RMB/SAK)<br><br>**OPINION** |

　　　This matter comes before the Court upon Defendants' application for leave to file a motion to dismiss (Dkt No. 12) because Plaintiff has failed to comply with Local Civil Rule 10.1 by advising the Court of his change of address. Because the Court can *sua sponte* dismiss a case for failure to comply with Local Civil Rule 10.1(a), the Court will dismiss Defendants' application as moot.

I.　　DISCUSSION

　　　Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address[es] within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court.

　　　Dismissing a complaint without prejudice is an appropriate remedy for noncompliance with this rule. See <u>Archie v. Dept. of Corr.</u>, Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases). Beginning in November 2021, legal mail sent by the Court to Plaintiff at his last known address was returned as undeliverable (Dkt. Nos.

3, 8, 10, 11) because Plaintiff is no longer incarcerated at Northern State Prison. Plaintiff has not provided the Court with a notice of his change of address.

II.   CONCLUSION

The Court will dismiss this Complaint without prejudice pursuant to Local Civil Rule 10.1(a), subject to reopening upon good cause shown with Plaintiff's notice of his new address.

An appropriate order follows.

**Dated:** <u>March 10, 2022</u>

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**
